# IN THE COURT OF APPEALS OF IOWA

No. 25-0822
Filed February 11, 2026

**In re the Marriage of Catherine Lucille Witt and Bradley Adam Witt**

Upon the Petition of
**Catherine Lucille Witt, n/k/a Katie Lucille Dekker,**
Petitioner–Appellant,

And Concerning
**Bradley Adam Witt,**
Respondent–Appellee.

Appeal from the Iowa District Court for Madison County,
The Honorable Terry Rickers, Judge.

**AFFIRMED**

Mark Simons of Simons Law Firm, PLC, West Des Moines,
attorney for appellant.

Ryan Babich and Sierra Meehan Strassberg of Babich Sarcone, P.L.L.C.,
Des Moines, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

As children mature, their needs change, and custody arrangements must sometimes change along with their needs. Here, the district court determined that shared physical care best serves the needs of three adolescents navigating blended families, increasing independence, and evolving challenges. Giving due deference to the district court's credibility findings and its careful consideration of the evidence, we affirm.

## STATEMENT OF FACTS & PROCEDURAL POSTURE

Katie L. Dekker and Bradley Adam Witt were married in June 2006. Their marriage was dissolved by stipulated decree in November 2017. The parties were granted joint legal custody of their three minor children—P.J.W., born in 2008, and twins A.M.W. and E.R.W., born in 2010—with Katie granted physical care. Brad was granted a schedule of liberal visitation that included alternating weekends and extended summer parenting time.

Following entry of the dissolution decree, the parties experienced ongoing difficulties in co-parenting and communication. In February 2020, Brad filed an application for rule to show cause alleging multiple violations of the decree, including interference with visitation and failures to consult on educational and medical matters. That proceeding was resolved later in 2020 by stipulation, without a finding of contempt. As part of that agreement, the parties modified Brad's visitation schedule to include extended weekends, adjusted holiday and summer parenting time, agreed to use a parenting communication application, and committed to participating in co-parenting counseling.

Both parties remarried in 2021. Brad married Diane Witt, who has two children from a prior relationship, and Katie married Christian Dekker, who

also has children from a prior relationship. Each household thus expanded to include stepparents and stepsiblings, and both stepparents shared physical care of their own children.

In February 2024, Brad filed an application to modify the dissolution decree, seeking a change in the physical care arrangement. Although Brad initially requested physical care, the central issue litigated at trial became whether the existing custodial arrangement should be modified to a shared physical care schedule. Katie resisted the application and requested dismissal.

By stipulation of the parties, the district court appointed a Child and Family Reporter (CFR) pursuant to Iowa Code section 598.12B (2024). The CFR conducted an investigation, interviewed the parties and the children, and filed a written report in December 2024, followed by an addendum in March 2025. In both her written submissions and trial testimony, the CFR recommended that the parties be awarded shared physical care of the children on a week-on/week-off schedule.

Trial was held over two days in March 2025. The court heard testimony from both parents, their current spouses, family members, and the CFR. The evidence addressed the children's academic performance, mental and emotional health, household routines, parenting practices, and the parties' respective involvement in the children's daily lives. The record also included testimony concerning past conflicts, communication challenges between the parents, and the evolving needs of the children as they entered adolescence.

Following trial, the district court entered a modification decree on March 26. The court found that a material and substantial change in

circumstances had occurred since entry of the original decree and that modification was in the children's best interests. The court awarded the parties shared physical care, adopted a week-on/week-off parenting schedule consistent with the CFR's recommendation, modified the holiday schedule accordingly, and adjusted child support based on the shared-care arrangement. The court left joint legal custody intact.

Katie filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), seeking to amend or enlarge the court's findings. The district court denied that motion. Katie appeals, challenging the modification of physical care.

## STANDARD OF REVIEW

Petitions to modify the care provisions of a dissolution decree are reviewed de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (citing Iowa R. App. P. 6.907). But we give weight to the fact findings of the trial court, which "is greatly helped in making a wise decision about the parties" by watching and listening to them live. *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) (citation omitted). We will affirm unless the trial court "failed to do substantial equity." *In re Marriage of Schiltz*, No. 20-1740, 2021 WL 5105921, at *1 (Iowa Ct. App. Nov. 3, 2021) (citation omitted). The children's best interests are the "controlling consideration." *Hoffman*, 867 N.W.2d at 32 (citation omitted). "Utilizing the best-interest standard 'provides the flexibility necessary to consider unique custody issues on a case-by-case basis.'" *Id.* (citation omitted).

## DISCUSSION

To obtain a modification of physical care, the moving party must prove by a preponderance of the evidence that conditions have materially and substantially changed since entry of the prior decree and that the changes

were not contemplated at the time of the decree, are "more or less permanent," and "relate to the welfare of the children." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983); *accord Hoffman*, 867 N.W.2d at 32. The children's best interests remain the controlling consideration. *Hoffman*, 867 N.W.2d at 32.

The district court expressly applied this governing framework and concluded a material and substantial change in circumstances had occurred. The court identified several developments since entry of the original decree, including the parties' remarriages and the integration of stepparents and stepsiblings into both households; the children's increasing age and maturity; the evolving needs of the twins; and the father's increased and sustained involvement in the children's daily lives. These findings are supported by the record and fall squarely within circumstances Iowa courts have recognized may support modification when they affect the children's welfare. *See In re Marriage of Hansen*, 733 N.W.2d 683, 695–99 (Iowa 2007); *In re Marriage of Kelly*, No. 19-1295, 2020 WL 3571863, at *3 (Iowa Ct. App. July 1, 2020).

In awarding shared physical care, the district court appropriately considered the factors relevant to joint physical care determinations, including the parents' ability to communicate, the degree of conflict between them, and their respective approaches to parenting. Although the court acknowledged communication difficulties, it found those issues manageable and not so severe as to preclude shared care. Imperfect communication does not bar joint physical care where both parents are capable and the arrangement serves the children's best interests. *See Hansen*, 733 N.W.2d at 698–99.

The district court also gave measured consideration to the children's preferences, finding them of sufficient age and maturity for their views to be

considered, though not controlling. That approach aligns with longstanding Iowa law recognizing that a child's wishes may be considered as one factor among many in determining physical care. *See Hoffman*, 867 N.W.2d at 35; Iowa Code § 598.41(3)(f). The court's assessment of the children's preferences was informed by the CFR's investigation and testimony, which the court found to be thoughtful and thorough. The court relied heavily on the CFR's recommendations. Her investigation included interviews with the parents and children, review of court records and prior orders, and consideration of educational and mental-health information.

The CFR found both parents to be engaged and capable caregivers and noted that the children reside in blended-family households during parenting time with each parent. Although the parties exhibit differing parenting styles and communication approaches, the CFR did not identify either household as unsafe or unfit. She expressed concern that ongoing communication difficulties between the parents have, at times, contributed to conflict and negatively affected the children, but she concluded those difficulties did not preclude shared physical care.

She gave particular attention to the children's individual needs, especially the twins, noting academic challenges, mental-health concerns, and the need for greater consistency in addressing recommended counseling and evaluations. She also addressed the children's gender-identity concerns, emphasizing the importance of stability, support, and reduced parental conflict in addressing those issues.

The CFR acknowledged a serious mental-health incident involving the mother that occurred several years earlier. While noting the incident's emotional impact on the children, she concluded it was not recent and did not, standing alone, warrant a custodial determination adverse to either

parent. She reported that all three children expressed a preference for a more balanced parenting arrangement and were of sufficient age and maturity for their views to be considered. After weighing all factors, she recommended a shared physical-care arrangement on a week-on/week-off schedule, concluding it would promote stability, increase parental involvement and accountability, align with the children's preferences, and serve their best interests. She reaffirmed this recommendation in a written addendum and in her trial testimony.

The district court did not abdicate its role to the CFR. Rather, it independently evaluated the evidence, expressly recognizing that the ultimate custodial determination rests with the court. Iowa appellate courts have consistently approved such reliance on a CFR's recommendations when, as here, the court exercises its own judgment after considering the full record. *See In re Marriage of Nelson*, 23-1893, 2025 WL 542816, at *5 (Iowa Ct. App. Feb. 19, 2025). The district court carefully considered conflicting evidence, made credibility determinations, and reached a reasoned decision grounded in the children's best interests. We give deference to those findings. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) (explaining that even on de novo review, "[w]e give weight to the findings of the district court, particularly concerning the credibility of witnesses").[1] On our de novo

[1] Katie argues that neither party requested joint physical care at trial, and therefore Brad has not met his burden to show a modification should take place. However, during direct examination, Brad stated that although he was requesting primary physical care, he ultimately would be agreeable to shared physical care. We read this as a request for shared physical care in the alternative to primary physical care. Iowa Code § 598.41(5)(a) ("If joint legal custody is awarded to both parents, the court may award joint physical care to both joint custodial parents *upon the request of either parent*." (emphasis added)).

review, we conclude the district court did equity in determining that a shared physical care arrangement best serves the children at this stage of their lives.

Both parties request appellate attorney fees. Appellate attorney fees are within our discretion to award upon weighing the requesting party's needs, the other party's ability to pay, and the appeal's merits. *McDermott*, 827 N.W.2d at 687. After reviewing both parties' requests, weighing the parties' ability to pay, and considering the merits of the appeal, we decline to award either party appellate attorney fees.

**AFFIRMED.**